ESTATE OF ALVIN THALHEIMER, RUTH B. ROSENBERG, SURVIVING EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent ESTATE OF HENRIETTA G. BLAUSTEIN, HILDA K. BLAUSTEIN AND RUTH B. ROSENBERG, SURVIVING EXECUTRICES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Thalheimer v. Commissioner
Docket Nos. 5684-69, 1661-70.
United States Tax Court
T.C. Memo 1977-3; 1977 Tax Ct. Memo LEXIS 438; 36 T.C.M. (CCH) 10; T.C.M. (RIA) 770003; January 11, 1977, Filed *438 John S. McDaniel, Jr. and Lawrence A. Kaufman, for the petitioners. Arnold E. Kaufman, for the respondent. GOFFE
SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: On August 5, 1974, we filed our Memorandum Findings of Fact and Opinion (T.C. Memo. 1974-203) in which we redetermined the fair market value of class A and class B common stock of American Trading and Production Corp. (ATAPCO) owned by the decedents, Alvin Thalheimer and Henrietta G. Blaustein, on the dates of their respective deaths. We entered our decision in accordance with the agreement of the parties under Rule 155 of the Court's Rules of Practice and Procedure on December 18, 1974. On March 13, 1975, petitioners filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit. On April 13, 1976, the said Court of Appeals filed its judgment affirming our opinion but remanding the case "for consideration to the end that the possibility of a mistake be avoided." In its opinion, the Court of Appeals pointed out that we did not explicity consider whether advances payable by Charles Street Development Corp. (Charles Street) to ATAPCO might result *439 in a duplication of adjustments to the net worth of ATAPCO in valuing its underlying assets, one of which was stock of Charles Street. We have reexamined the record and find that such a duplication exists. Accordingly, we find the following facts, which, to the extent that they are inconsistent with those found on August 5, 1974, supersede such facts and we find the following Ultimate Findings of Fact which supersede in full the Ultimate Findings of Fact found on August 5, 1974. FINDINGS OF FACT The net fair market value of the assets of Charles Street, exclusive of the unpaid principal of amounts owing to its stockholders on December 31, 1965 was $1,800,000. On July 8, 1965 and December 8, 1965, Charles Street owed ATAPCO $649,000 and $644,000, respectively, and such amounts were reflected as assets on the balance sheets of ATAPCO. In 1965 ATAPCO owned 450 of the 900 outstanding shares of the class A common stock of Charles Street. Charles Street, in 1965, also had outstanding 900 shares of class B common stock. The unpaid advances of Charles Street to its shareholders exceeded the net fair market value of the assets of Charles Street during 1965. The shares of stock of *440 Charles Street owned by ATAPCO had no fair market value on July 8, 1965 and December 8, 1965. The underlying net asset values of the class A and class B common stock of ATAPCO as of July 8, 1965 and December 8, 1965 were $122,506,481 and $124,209,214, respectively or $168.52 and $170.86 per share, respectively. ULTIMATE FINDINGS OF FACT 1. The fair market value of Alvin Thalheimer's 15,367 shares of class A common stock of ATAPCO as of July 8, 1965, was $111.2232 per share with a total fair market value of $1,709,166.91. 2. The fair market value of Alvin Thalheimer's 28,745 shares of class B common stock of ATAPCO as of July 8, 1965, was $106.1676 per share with a total fair market value of $3,051,787.66. 3. The fair market value of Henrietta Blaustein's 9,700 shares of class A common stock of ATAPCO as of December 8, 1965, was $112.7676 per share with a total fair market value of $1,093,845.72. 4. The fair market value of Henrietta Blaustein's 29,100 shares of class B common stock of ATAPCO as of December 8, 1965, was $107.6418 per share with a total fair market value of $3,132,376.38. OPINION The Court of Appeals has directed us to consider whether advances *441 by ATAPCO to Charles Street, reflected on the balance sheets of ATAPCO as assets, were eliminated in valuing 25 percent of the outstanding stock of Charles Street owned by ATAPCO. We have examined the record and found that a duplication exists. The advances by ATAPCO, on the respective valuation dates, $649,000 and $644,000, exceeded the value we previously found attributable to the value of the Charles Street stock owned by ATAPCO, $450,000. Accordingly, we have eliminated the value of the Charles Street stock as an underlying asset of ATAPCO, as reflected in the foregoing Findings of Fact and applying the discounts previously used, have found the corrected values reflected above in the Ultimate Findings of Fact. In so doing, we discovered that in "rounding off" the value per share for Mrs. Blaustein's class B common stock in the first decision we erroneously used $107 instead of $108. This is pointed out to explain why the revised value of such stock in her estate is greater than previously found. An appropriate order will be entered.